UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FREDERICK CORTEZE BEVERLY,

Plaintiff,

v. Case No. 26-cv-707-pp

COMMUNITY REINTEGRATION CENTER, *et al.*,

Defendants.

---

**ORDER ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 39) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

---

Plaintiff Frederick Corteze Beverly filed this lawsuit, alleging violations of his constitutional rights. Dkt. No. 1. On August 19, 2026, Magistrate Judge William E. Duffin issued an order finding that the amended complaint did not state a claim and giving the plaintiff an opportunity to file a second amended complaint. Dkt. No. 35. The plaintiff did not file a second amended complaint. On October 13, 2026, Judge Duffin issued a report recommending that this Article III court dismiss the case for failure to timely file a second amended complaint. Dkt. No. 39. The deadline for the plaintiff to file an objection passed on October 27, 2026. A day before the deadline passed, Judge Duffin's report (which the court had mailed to the plaintiff at the Milwaukee County Community Reintegration Center) was returned as undeliverable. Dkt. No. 40. On October 28, 2026, the court updated the plaintiff's address to a mailing address provided by the plaintiff's state supervising officer. Dkt. No. 41. That same day, the court mailed Judge Duffin's report and recommendation to the

plaintiff's new address, along with an order stating that if the plaintiff did not file an objection by November 14, 2026, the court would adopt Judge Duffin's recommendation and dismiss the case. Id. at 2-3. That order has not been returned to the court as undeliverable, and the court has no reason to think that the plaintiff did not receive it. The deadline for objecting has passed and the court has not received from the plaintiff an objection to Judge Duffin's recommendation. The court will adopt Judge Duffin's recommendation, dismiss this case for the plaintiff's failure to state a claim in his amended complaint and issue the plaintiff a "strike" under 28 U.S.C. §1915(g).

## I. Legal Standard

The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); Federal Rule of Civil Procedure 72(b)(3). When a party does not object to the recommendation, the district judge may reconsider the magistrate judge's ruling "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

## II. Discussion

On June 22, 2026, the plaintiff filed an amended complaint. Dkt. No. 24. The amended complaint alleged that the plaintiff did not receive his seizure and nerve damage medications and other medications while at the Waukesha County Jail. Id. at 2. He also alleged that police who worked at the jail had attacked him, he was fed expired food and he did not receive his mail. Id. The plaintiff did not identify who allegedly violated his rights. Judge Duffin

screened the amended complaint and determined that the plaintiff had failed to state a claim upon which relief may be granted.[1] Dkt. No. 35. Judge Duffin gave the plaintiff a deadline of September 21, 2026 by which to file a second amended complaint and ordered that failure to amend the complaint by that deadline would result in dismissal for failure to state a claim. Id. at 9. The plaintiff did not file a second amended complaint, and on October 13, 2026, Judge Duffin issued a report recommending that this court dismiss the case. Dkt. No. 39.

The court has reviewed Judge Duffin's order and finds that no part of the order is erroneous or contrary to law. The court will adopt Judge Duffin's recommendation and dismiss the case for failure to state a claim.

## III. Conclusion

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 39.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by

[1] Judge Duffin's screening order references the plaintiff's original complaint and amended complaint.

filing in this court a notice of appeal within thirty days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in this court. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for habeas corpus relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**